IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEAHAN BAUER and STEPHANO DEL ROSE, <br><br>*Plaintiffs*, <br><br>v. <br><br>ELIZABETH DEVOS, *in her official capacity as Secretary of the U.S. Department of Education*, and U.S. DEPARTMENT OF EDUCATION, <br><br>*Defendants*. | Civil Action No. 17-1330 RDM <br> ECF Case |

**MOTION OF PROFESSORS SANT'AMBROGIO AND ZIMMERMAN
TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(o), Professors Michael Sant'Ambrogio and Adam Zimmerman respectfully move for permission to file a brief as *amicus curiae* in support of Plaintiffs' Motion for Summary Judgment.

Amici are professors at Michigan State University College of Law and Loyola Law School, Los Angeles, respectively, who write extensively about the ways that federal agencies aggregate cases and claims. Professors Sant'Ambrogio and Zimmerman recently completed a study for the Administrative Conference of the United States—a government body that issues guidance for all federal agencies—surveying a wide range of class action and other aggregate procedures used by agencies in adjudication. Based

on their report, the Administrative Conference adopted recommendations for agencies considering aggregate procedures in their own administrative proceedings.

The Department of Education adopted just such a rule when it finalized new student borrower regulations in November 2016. After extensive consideration and deliberation, it created a "group process" to "provide simple, accessible, and fair" debt relief for student borrowers. *See* 34 C.F.R. 685.222(f)-(h) (2016). Unfortunately, the Department has now suspended these rules, without explanation, even as its backlog of student applications approaches 100,000 claims. Professors Sant'Ambrogio and Zimmerman submit this brief to share their unique perspective, based on extensive research, on the benefits of such aggregate procedures, which the Department did not address in its decision to suspend its final rule. Amici's insights on the value of the "group process" and the reasons it was adopted help explain why the Department's decision to suspend the 2016 regulations was arbitrary, capricious, and contrary to law.

Accordingly, Professors Sant'Ambrogio and Zimmerman respectfully request leave to file the proposed *amicus* brief attached as Exhibit 1 to this motion. A Proposed Order is also attached as Exhibit 2.

Counsel for both Plaintiffs and the Department of Education have consented to this motion and the filing of our *amicus* brief.

Dated:  December 15, 2017	Respectfully Submitted,

By:  */s/* Brian Gilmore

Brian Gilmore
D.C. Bar No. 439757
MICHIGAN STATE UNIVERSITY LAW CLINIC
648 North Shaw Lane
East Lansing, MI 48824
Tel: (517) 432-6998
bgilmore@law.msu.edu

Counsel for *Amicus Curia*e, Professors Sant'Ambrogio and Zimmerman