## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MEAGHAN BAUER and STEPHANO DEL ROSE, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 17-1330 (RDM) |
| ELISABETH DEVOS, | ) | |
| in her official capacity as Secretary of the | ) | |
| U.S. Department of Education, and | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| *Defendants*. | ) | |
| _____ | ) | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO CONVERT PENDING CROSS-MOTIONS FOR SUMMARY JUDGMENT TO MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Meaghan Bauer and Stephano Del Rose hereby move (1) for leave to amend their complaint and file the attached proposed Second Amended Complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure; and (2) for the Court to convert the pending cross-motions for summary judgment as to the First Amended Complaint (ECF Nos. 29 and 35) to motions for partial summary judgment as to the First, Second, Third and Fourth Causes of Action in the Second Amended Complaint, as explained further in the attached memorandum of law. Leave to amend is warranted based on defendants' issuance of a new rule further delaying the effective date of the Department of Education's Borrower Defense Rule on February 14, 2018, which gives rise to additional claims. Treatment of the fully briefed pending cross-motions as motions for partial summary judgment on the claims that remain unaltered is warranted by efficiency and the need to avoid prejudicial delay.

Plaintiffs' counsel has conferred with defendants' counsel and defendants oppose this motion.

In support of this motion, plaintiffs submit the accompanying (1) memorandum of points and authorities; (2) proposed Second Amended Complaint; (3) a redline comparison between the operative First Amended Complaint and proposed Second Amended Complaint; and (4) a proposed order.

Dated: February 20, 2018

Respectfully submitted,

 /s/ Adam R. Pulver

Toby R. Merrill
Mass. BBO No. 601071
Amanda M. Savage
Mass. BBO No. 690938
Alec P. Harris
Colo. Bar No. 47547
PROJECT ON PREDATORY STUDENT LENDING,
LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL
122 Boylston Street
Jamaica Plain, MA 02130
(617) 522-3003
tomerrill@law.harvard.edu

Adam R. Pulver
D.C. Bar No. 1020475
Scott L. Nelson
D.C. Bar No. 413548
Julie A. Murray
D.C. Bar No. 1003807
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MEAGHAN BAUER and STEPHANO DEL ROSE, | ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Civil Action No. 17-1330 (RDM) |
| ELISABETH DEVOS, Secretary, U.S. Department of Education, *et al.,* | ) ) ) | |
| *Defendants.* | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT AND TO CONVERT PENDING CROSS-MOTIONS FOR SUMMARY
JUDGMENT TO MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs Meaghan Bauer and Stephano del Rose brought this action in July 2017 to challenge an action delaying the effective date of the Department of Education's (ED) 2016 Borrower Defense Rule. In October 2017, ED took another action to delay the Borrower Defense Rule's effective date, and plaintiffs amended their complaint to add challenges to that action. Now, plaintiffs seek leave to amend their complaint again because ED has taken yet a third action to delay the Borrower Defense Rule: On February 14, 2018, ED published a final rule ("the 2018 Delay Rule") further delaying the Borrower Defense Rule's effective date to July 1, 2019. Plaintiffs' proposed Second Amended Complaint is attached in both clean and red-lined form (Exs. 1 and 2). In light of the liberal standard of Rule 15(a)(2), plaintiffs' prompt motion, and the interests of justice in light of defendants' repeated actions plainly designed to deprive plaintiffs of meaningful access to judicial review, leave should be granted.

In addition, to minimize further delay in this action challenging ED's repeated delays of a rule that should have gone into effect on July 1, 2017, plaintiffs ask the Court to treat the fully

briefed, currently pending cross-motions for summary judgment directed at the First Amended Complaint (ECF Nos. 29 and 35) as motions for partial summary judgment directed at the first four claims asserted in the Second Amended Complaint. The claims addressed in those motions are not affected by the proposed amendments, and further delay would be prejudicial to plaintiffs, who initially filed a motion for summary judgment five months ago and are not at fault for the ensuing delays and gamesmanship by defendants.

## BACKGROUND

Plaintiffs commenced this action on July 6, 2017. ECF No. 1. Their original complaint challenged a final rule issued by ED on June 16, 2017, published at 82 Fed. Reg. 27621, which purported to "stay" the effective date of ED's Borrower Defense Rule, published on November 1, 2016, pursuant to 5 U.S.C. § 705 (Section 705 Rule).  On August 30, 2017, defendants moved to extend their time to respond to the complaint, which plaintiffs, in part, opposed. ECF No. 12. The Court granted that motion and extended defendants' time to respond to the complaint to October 18, 2017, while also stating that plaintiffs were not precluded "from filing a motion for summary judgment prior [to] that response." Aug. 30, 2017 Minute Order.

Plaintiffs filed a motion for summary judgment on September 26, 2017.

Defendants requested additional time to prepare their response, and the parties agreed on a briefing schedule that called for defendants to file their response to plaintiffs' complaint and summary judgment motion, and any cross-motion, on or before October 31, 2017. *See* ECF No. 21.  Briefing was to be completed on December 12, 2017.  *Id.* The Court issued a scheduling order to that effect. *See* October 5, 2017 Minute Order.

On October 24, 2017, seven days before defendants' response was due, ED issued an Interim Final Rule that purported to delay the effective date of the Borrower Defense Rule to July

1, 2018.  82 Fed. Reg. 49114 (Interim Final Rule). The agency's sole justification was that the agency's action more than five months earlier compelled such a delay as a matter of law. *See id.*

Plaintiffs promptly filed an amended complaint as a matter of right. ECF No. 25. Although plaintiffs proposed that the parties request the Court to deem the pending motion for summary judgment as to the Section 705 Rule a motion for partial summary judgment as to the amended complaint, defendants would not consent. ED instead insisted on a lengthy briefing schedule on new cross-motions for summary judgment, under which briefing would not be completed for an additional three months. Despite the continuing harm to plaintiffs, plaintiffs consented to this schedule rather than take up the Court's time with an opposed motion.  *See* ECF No. 28; *see also* November 9, 2017 Minute Order.

The parties submitted briefs in accordance with that briefing schedule—four briefs in total—as did numerous amici curiae in support of both sides. *See* ECF Nos. 29-50. Briefing was completed on both parties' motions for summary judgment on January 19, 2018. In accordance with this Court's Local Rules, the Joint Appendix of Record Excerpts was filed on January 31, 2018. ECF No. 51.

On February 9, 2018, three weeks after briefing of the parties' summary judgment motions was complete, ED made public a final rule it then published in the Federal Register on February 14, 2018.  83 Fed. Reg. 6458 (2018 Delay Rule). That rule further delayed the effective date of those portions of the Borrower Defense Regulations addressed by the previous two Delay Rules to July 1, 2019.  *Id.* at 6459.

## ARGUMENT

### I.    Leave to amend is warranted under the liberal Rule 15 standard.

Federal Rule of Civil Procedure 15(a)(2) states that courts should "freely give leave" to amend a pleading "when justice so requires." Leave to amend should be granted "unless there is a good reason … to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1995). Good reasons to deny leave include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962), *quoted in Jefferson v. Harris*, No. 14-1247, 2018 WL 324209, at *2 (D.D.C. Jan. 5, 2018).

None of these bases for denial of a motion for leave to amend is present here. As indicated in the attached redlined version of the proposed Second Amended Complaint, Ex. 2, the only substantive amendments in the proposed pleading relate to the rule issued by ED on February 14, 2018. Plaintiffs propose to add two discrete causes of action under the Administrative Procedure Act challenging the 2018 Delay Rule, *id.* at ¶¶ 118-27, and plead facts to support those claims, *id.* at ¶¶ 11-13 & 81-92. Plaintiffs have moved promptly and diligently in seeking to amend their complaint as a result of this new development, and the claims are meritorious and plainly related to the existing claims. Although cross-motions for summary judgment are fully briefed, any delay raised by the addition of the new claims challenging action that ED took two weeks after the completion of what this Court has recognized to be "an extended briefing process," Jan. 2, 2018 Minute Order, can be ameliorated by the process proposed by plaintiffs below.

II.     **The Court should treat the fully briefed cross-motions for summary judgment as motions for partial summary judgment directed at the second amended complaint.**

This Court has the authority to treat the fully briefed, pending summary judgment motions as motions for partial summary judgment directed at the four claims carried over to the Second Amended Complaint.  *See, e.g.*, *Plunkett v. Dep't of Justice*, 924 F. Supp. 2d 289, 296 n. 1 (D.D.C. 2013) (stating that "the defendant's pending summary judgment motion will be treated as one directed at the amended complaint"); *Alaska Excursion Cruises, Inc. v. United States*, 603 F. Supp. 541, 548 (D.D.C. 1984) (allowing amendment of complaint and treating pending motions for summary judgment as partial summary judgment motions); *see also Scroggins v. LifePoint Health*, No. 16-CV-338, 2016 WL 9275449, at *1 n.1 (M.D. Ala. Aug. 3, 2016) (citing *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 846 (11th Cir. 1989)); *Wilson v. Seattle Hous. Auth.*, No. 09-CV-00226, 2011 WL 38998, at *1 (W.D. Wash. Jan. 4, 2011). Doing so would minimize delay in resolving the matter, as briefing has been completed on those motions and the issues are ripe for decision.

The timing of ED's actions—*twice* taking action just after plaintiffs undertook the effort of briefing motions for summary judgment—does not justify forcing plaintiffs to re-brief their claims addressing the Section 705 Rule for a third time or their claims addressing the Interim Final Rule for a second time. The 2018 Delay Rule does not have any impact on the merits of plaintiffs' substantive and procedural challenge to the first two delay rules. To the contrary, the 2018 Delay Rule relies heavily on, and presumes the validity of the Section 705 Rule and the Interim Final Rule. Thus, "the legal issues presented by the heretofore filed motions for summary judgment

should be laid to rest now to avoid future confusion of the issues." *Alaska Excursion Cruises*, 603 F. Supp. at 548.[1]

Should the Court grant the relief requested, plaintiffs intend to move expeditiously for partial summary judgment on the new claims directed at the 2018 Delay Rule. If defendants intend to cross-move, plaintiffs respectfully suggest the Court set such motions for simultaneous briefing on a schedule consistent with Local Civil Rule 7(b), and that no reply briefs would be necessary. As discussed in plaintiffs' earlier briefs, every day of the unlawful delay of the 2016 Borrower Defense Regulations causes irreparable harm to student borrowers such as plaintiff. *See* ECF No. 29 (Pls.' Mem. in Supp. of Summ. J. at 25, 39-43); *see also* 2018 Delay Rule, 83 Fed. Reg. at 6462 (acknowledging "concern[s] that the window under applicable statutes of limitation for some borrowers to file lawsuits may end during the period covered by the delay of the 2016 final regulations' prohibitions on institutions' use of predispute arbitration and class action waiver contractual provisions"). Despite prompt and diligent action by plaintiffs, defendants have successfully delayed meaningful judicial review while student borrowers suffer for seven months. Defendants should not be able to run out the clock by continually requiring briefing to start over while they attempt to repeal the Borrower Defense Rule finalized in 2016. *Cf. Becerra v. United States Dep't of Interior*, --- F. Supp. 3d ---, No. 17-cv-02376, 2017 WL 3891678 at *6 (N.D. Cal. 2017) (noting federal agency's conduct after issuing Section 705 rule showed it could "move quickly to engage in notice and comment rulemaking to repeal an unwanted regulation" and

---

[1] While defendants have not informed plaintiffs of the basis for their opposition, given that the 2018 Delay Rule does not purport to lift the section 705 stay, and presumes the validity of both the 2018 Delay Rule and the Interim Final Rule and on its face claims to only extend the delay by one year, any claim that the first four causes of action are moot would be frivolous.

6

"thereby frustrat[e] those aggrieved by the interim repeal from obtaining a judicial ruling on the misuse of Section 705").

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request the Court (1) grant them leave to amend their complaint and file the attached proposed Second Amended Complaint; and (2) convert the pending cross-motions for summary judgment as to the First Amended Complaint (ECF Nos. 29 and 35) to motions for partial summary judgment directed at the first through fourth causes of action in the Second Amended complaint.

Respectfully submitted,

/s/ *Adam R. Pulver*

| | |
|---|---|
| Toby R. Merrill | Adam R. Pulver |
| Mass. BBO No. 601071 | D.C. Bar No. 1020475 |
| Amanda M. Savage | Scott L. Nelson |
| Mass. BBO No. 690938 | D.C. Bar No. 413548 |
| Alec P. Harris | Julie A. Murray |
| Colo. Bar No. 47547 | D.C. Bar No. 1003807 |
| PROJECT ON PREDATORY STUDENT LENDING, | PUBLIC CITIZEN LITIGATION GROUP |
| LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL | 1600 20th Street NW |
| 122 Boylston Street | Washington, DC 20009 |
| Jamaica Plain, MA 02130 | (202) 588-1000 |
| (617) 522-3003 | apulver@citizen.org |
| tomerrill@law.harvard.edu | |

*Counsel for Plaintiffs*

Dated: February 20, 2018

7